UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| LELAND JAY SMART, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:05-cv-27 |
| ) | |
| v. ) | Honorable David W. McKeague[*] |
| ) | |
| BUREAU OF ALCOHOL, TOBACCO ) | |
| AND FIREARMS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **ORDER**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On March 14, 2005, the Court entered an order of deficiency because Plaintiff failed to pay the $250.00 civil action filing fee or to file the proper documents as required by 28 U.S.C. § 1915(a)(2) to apply to proceed *in forma pauperis*. The Court allowed thirty days for Plaintiff to comply. Plaintiff filed objections claiming that he did not authorize the court to change his "Petition for Writ of Mandamus" into a civil action. He further argued that the filing fee for a civil action is $150.00, not $250.00. On May 19, 2005, the Court dismissed Petitioner's action without prejudice for failure to comply with the deficiency order. The Court found Plaintiff's objections to be without merit, stating:

> As of February 7, 2005, the filing fee for a civil action is $250. 28 U.S.C. § 1914(a). Plaintiff filed his mandamus action on or about February 28, 2005, after the $250.00 civil filing fee took effect. While the relief sought by Petitioner is a writ of

---

[*] Hon. David W. McKeague, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

> mandamus, his action is civil in nature. Plaintiff does not challenge his 1993 criminal conviction in this Court. Rather, he seeks a transfer to a Michigan prison. Plaintiff appears to argue that he is not eligible for transfer as the result of a now invalid "arrest warrant/detainer" lodged by the ATF. If Petitioner wishes to challenge the status of his confinement, he may bring a petition pursuant to 28 U.S.C. § 2241 in the district in which he is incarcerated.

(5/19/05 Order of Dismissal, docket #5).

Following dismissal of his action, Plaintiff sent a letter to the Court, which the court has construed as a motion for reconsideration (docket #6). In his letter, Plaintiff raises the same arguments set forth in his previous objections and asks to be released from his obligation to pay the filing fee. For the reasons stated in the Court's Order of Dismissal, Plaintiff was properly assessed the $250.00 filing fee for a civil action. Accordingly, his motion for reconsideration (docket #6) is DENIED.


Dated:  September 9, 2005             /s/ David W. McKeague
                                      David W. McKeague
                                      United Stated Circuit Judge